**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DSCC, et al.,<br><br>Plaintiffs,<br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>Defendants. | Case No. 1:26-cv-03674-JEB |

# PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY

Plaintiffs[1] respectfully move for narrow and targeted discovery on an expedited basis in this time-sensitive election-related matter. Such limited discovery is warranted by the exigencies of this case, which concerns disturbing and unlawful efforts by the Department of Justice (DOJ) and Department of Homeland Security (DHS) to interfere in state election administration, and to threaten and intimidate election officials for carrying out their duties. In view of the severity of Defendants' misconduct, and its implications for the November 3 General Election, Plaintiffs are seriously contemplating a request for emergency relief on the claims alleged in their complaint, which implicate both the fundamental right to vote and the proper allocation of constitutional authority when it comes to administering elections. In an effort to avoid or potentially narrow such motion practice, however, Plaintiffs first seek responses to a limited set of discovery requests. This Court should therefore follow the reasoning recently adopted by a peer court within this District, which just days ago permitted similarly narrow, expedited

[1] Plaintiffs in this action are DSCC, DCCC, Democratic Governors Association, U.S. Senate Minority Leader Charles E. Schumer, U.S. House of Representatives Minority Leader Hakeem S. Jeffries, the Nevada State Democratic Party, and Erick Jose Jimenez. *See* Compl. ¶¶ 10–17.

discovery in a time-sensitive matter concerning the 2026 elections. *See* Order, *NAACP, et al. v. DHS, et al.*, No. 1:26-cv-3263-LLA (D.D.C. Oct. 21, 2026), ECF No. 41.

Plaintiffs' requests are tailored to determine the probity of emergency relief, rather than to build out the broader merits of their claims. And because they primarily concern a discrete category of non-privileged communications that Defendants should have readily at hand, it is not likely to burden Defendants or their counsel. Specifically, Plaintiffs seek two discrete categories of documents and answers to two parallel interrogatories. *See* Ex. A (Requests for Production); Ex. B (Interrogatories). The first request for production seeks all non-privileged communications issued by Defendants since July 1, 2026, to state or local election officials demanding or requesting that they (i) remove specific registered voters from their statewide voter registration lists; (ii) refuse to issue ballots to specific registered voters; or (iii) segregate, or otherwise not count or tabulate, any ballots returned by specific registered voters, as well as any responses to such communications. The second request for production seeks all non-privileged communications issued by Defendants since July 1, 2026, to state or local election officials that reference criminal prosecution, investigation, or any other form of legal action against state or local election officials in relation to their public duties, along with any responses to such communications.

In addition to those two requests for production, Plaintiffs seek responses to two interrogatories asking that Defendants (1) identify all States where Defendants have sent state or local election officials communications demanding or requesting that they either (i) remove specific registered voters from their statewide voter registration lists; (ii) refuse to issue ballots to specific registered voters; or (iii) segregate, or otherwise not count and tabulate, any ballots

returned by specific registered voters. The second interrogatory asks that Defendants identify any States where they intend to send such communications.

In light of the impending November 3 midterm elections, and Defendants' escalating efforts to unlawfully meddle in how the States carry out their election administration duties, the Court should grant this motion and require that Defendants fully respond to the discovery requests by October 28, 2026.[2]

## STATEMENT OF FACTS

Plaintiffs are two Democratic Party congressional campaign committees, the Democratic Governors Association, U.S. Senate Minority Leader Charles E. Schumer, U.S. House Minority Leader Hakeem S. Jeffries, the Nevada State Democratic Party ("NSDP"), and a registered California voter who is a naturalized citizen. *See* Compl. ¶¶ 10–17. On October 20, 2026, Plaintiffs filed this action asserting three constitutional claims, *id.* ¶¶ 95–117, as well as a claim under Section 11(b) of the Voting Rights Act, 52 U.S.C. § 10307(b), *id.* ¶¶ 118–25. The Complaint sets forth how DOJ and DHS officials have engaged in a consistent course of meddling in state election administration—including by demanding that States purge their voter rolls based on shoddily-compiled target lists—and threatening and intimidating state election officials for aiding voters. *See id.* ¶¶ 55–74. This already troubling and unlawful conduct reached yet a new apogee last week, when DOJ officials threatened to retaliate against California officials if they did not—mere days before election day—block 20,000 registered voters from receiving

[2] Local Civil Rule 7(m) requires conferral on non-dispositive motions. However, while Plaintiffs effected service on the U.S. Attorney's Office for the District of Columbia on October 22, 2026, no counsel of record has yet entered an appearance on behalf of Defendants. Plaintiffs therefore asked for a position on this motion from counsel of record for DHS, DOJ, and Secretary Mullin in *Trujillo, et al. v. DHS, et al.*, No. 1:26-cv-3072-JEB (D.D.C.), which is noticed as a related case and assigned to the same judge as this matter. Counsel for the Government in *Trujillo* indicated that Defendants in this matter will oppose the motion.

mail ballots or having their ballots counted. *See id.* ¶¶ 75–79. While DOJ's conduct was already menacing enough, President Trump hammered home the threat by proclaiming that—if state officials in California do not bend to his will—"They will all go to jail for a long period of time!!!" *Id.* ¶ 3.

Defendants' campaign of interference shows no signs of stopping at California's borders; to the contrary, public reporting indicates it is poised to spread as Election Day approaches. *See* Julia Ainsley, *et al.*, *DOJ Weighs Election Litigation Against More States*, NBC News (Oct. 21, 2026), https://www.nbcnews.com/politics/justice-department/doj-weighs-election-litigation-states-rcna604872. Defendants have already made a host of outlandish claims with respect to Nevada's voter rolls, casting a pall over that State as Plaintiff NSDP has prepared to help its candidates compete up and down the ballot. *See* Compl. ¶¶ 6, 64–68. Similarly, Plaintiffs DSCC, DCCC, and DGA work on behalf of candidates across the country and will be irreparably harmed by any further expansion of Defendants' unlawful campaign. *See id.* ¶¶ 10–12. Plaintiffs therefore seek limited discovery to ascertain whether, where, and in what manner Defendants are currently pursuing and plan to imminently pursue this unlawful pattern through election day. Absent such discovery, the information requested herein will not be produced to Plaintiffs before the end of voting for the November 3, 2026 General Election under the default procedural rules.

The specific discovery requests at issue are as follows:

> **Request For Production No. 1:** All non-privileged communications issued by Defendants since July 1, 2026, to state or local election officials demanding or requesting that they (i) remove specific registered voters from their statewide voter registration lists; (ii) refuse to issue ballots to specific registered voters; or (iii) segregate, or otherwise not count and tabulate, any ballots returned by specific registered voters for the upcoming November 3, 2026 General Election, as well as any responses to such communications.
>
> **Request For Production No. 2:** All non-privileged communications issued by Defendants since July 1, 2026, to state or local election officials that reference criminal prosecution, investigation, or any other form of legal

> action against state or local election officials in relation to their public duties for the upcoming November 3, 2026 General Election, along with any responses to such communications.
>
> **Interrogatory No. 1:** Identify all States where Defendants have sent state or local election officials communications demanding or requesting that they (i) remove specific registered voters from their statewide voter registration lists; (ii) refuse to issue ballots to specific registered voters; or (iii) segregate, or otherwise not count and tabulate, any ballots returned by specific registered voters for the upcoming November 3, 2026 General Election.
>
> **Interrogatory No. 2:** Identify any States where Defendants intend to send state or local election officials communications demanding or requesting that they (i) remove specific registered voters from their statewide voter registration lists; (ii) refuse to issue ballots to specific registered voters; or (iii) segregate, or otherwise not count and tabulate, any ballots returned by specific registered voters for the upcoming November 3, 2026 General Election.

*See* Exs. A, B.

## LEGAL STANDARD

"[D]istrict courts have broad discretion over the structure, timing, and scope of discovery." *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1208 (D.C. Cir. 2020) (collecting authority). Federal Rule of Civil Procedure 26(d)(1) also specifically authorizes this Court to grant discovery before the parties' Rule 26(f) conference. When considering a request for expedited discovery, courts in this district apply a "reasonableness" test. *See Dunlap v. Presidential Advisory Comm'n on Election Integrity*, 319 F. Supp. 3d 70, 103 (D.D.C. 2018). Under that test, courts consider an "inexhaustive set of guidelines," including "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* at 104 (citation omitted). "These factors, however, are only guidelines for the exercise of the Court's discretion," and the "reasonableness" of any given request is analyzed "in light of all of the

surrounding circumstances." *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 98 (D.D.C. 2014) (citation omitted); *see* Order at 2, *NAACP*, No. 1:26-cv-3263-LLA (D.D.C. Oct. 21, 2026), ECF No. 41.

## ARGUMENT

Plaintiffs' narrow requests for expedited discovery readily satisfy the reasonableness standard and should be granted.

***1. There is a real prospect of requiring emergency relief.*** Defendants' unprecedented effort to federalize election administration—despite the total absence of constitutional or congressional authorization to do so—poses an imminent risk of harm to Plaintiffs, their members, their constituents, and the public writ large. In particular, DOJ has recently demanded that officials in California segregate, withhold, and not tabulate ballots cast by 20,000 registered voters that DOJ suspects—with, by their own admission, less than full confidence—may be noncitizens. Compl. ¶¶ 75–77. DOJ has gone so far as to seek a temporary restraining order against such officials, even as their list of targeted voters has unraveled under cursory review. Ex Parte Application for TRO at 28–29, *United States v. California*, No. 2:26-cv-12025 (C.D. Cal. Oct. 19, 2026), ECF No. 22-2.

Reports now indicate DOJ is primed to replicate this elsewhere. *See* Ainsley, et al., *supra* p. 4. It is therefore critical for Plaintiffs to determine whether similar efforts have been undertaken, or are planned, elsewhere in order to assess the need for—and scope of—emergency relief. Such exigency warrants the narrow discovery sought here. *See, e.g.*, Order at 4, *NAACP*, No. 1:26-cv-3263-LLA (D.D.C. Oct. 21, 2026), ECF No. 41 (finding a Plaintiff's need to "carefully evaluat[e] the possibility and necessity of seeking a preliminary injunction" relevant to the grant of a motion for expedited discovery); *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) (noting that "the expedited nature of injunctive proceedings" often necessitates the need for "narrowly tailored" requests for expedited discovery); *Disability*

*Rts. Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 7 (D.D.C. 2006) (explaining how the objective of limited, expedited discovery is to "gain evidence to get the court to preserve the status quo"); *Citizens for Resp. & Ethics in Wash. v. U.S. DOGE Serv.*, 349 F.R.D. 1, 6 (D.D.C. 2025) (finding that expedited discovery is particularly useful when an agency's actions are "unclear from the record" and bear on "irreparable harm"). That no motion for preliminary injunction has been filed yet is of little benefit to Defendants under these circumstances. *See Legal Tech. Grp., Inc. v. Mukerji*, No. 17-cv-631, 2017 WL 7279398, at *3 (D.D.C. June 5, 2017) (noting that when "the very purpose" of a motion for expedited discovery is "to support [an] anticipated motion for preliminary injunction," this factor weighs in favor of granting the request). Moreover, the impending election bolsters the need for expedited discovery, as "there can be no do-over and no redress" once Plaintiffs and their members have been deprived of the opportunity to cast a ballot and have their vote counted. *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 247 (4th Cir. 2014).

***2. The requested discovery is narrowly tailored to the purpose of determining whether emergency relief is required.*** Plaintiffs' discovery requests are narrowly tailored to determining the need for—and potential scope of—emergency relief. Whether Defendants have already devised election interference plans in certain states, or whether they intend to do so in the runup to the election or the canvass and certification stage that follows, goes directly to the imminence and irreparability of Plaintiffs' asserted harms. And any non-privileged discussions of criminal prosecution with state or local officials bear on the credibility and imminence of Defendants' threats. None of these requests constitutes "broad discovery on issues going to the merits of [Plaintiffs'] case." *Guttenberg*, 26 F. Supp. 3d at 98; *see also Am. Fed'n of Lab. & Cong. of Indus. Orgs. v. Dep't of Lab.*, 349 F.R.D. 243, 250 (D.D.C. 2025) (distinguishing expedited

discovery requests focused on "the dispositive preliminary injunction issue of irreparable harm" from those focused on "the case as a whole"); Order at 5, *NAACP*, No. 1:26-cv-3263-LLA (D.D.C. Oct. 21, 2026), ECF No. 41 (noting that when "concerns about 'imminent harm' are the impetus for [a] motion for expedited discovery," the request does not concern the "case as a whole" (quoting *AFL-CIO v. Dep't of Lab.*, 349 F.R.D. 243, 250 (D.D.C. 2025))). The fruit of such discovery—or even the lack thereof—will aid the Court in resolving any emergency motion practice. Order at 9, *NAACP*, No. 1:26-cv-3263-LLA (D.D.C. Oct. 21, 2026), ECF No. 41.

***3. The burden on Defendants is minimal.*** Plaintiffs' discovery requests will impose only a minimal burden on Defendants because they seek narrow and discrete sets of communications that Defendants are likely to have ready at hand and which should be modest in volume, as the California case shows. *California*, No. 2:26-cv-12025 (C.D. Cal. Oct. 19, 2026), ECF No. 1 (attaching four pieces of correspondence in support of complaint). Moreover, because these communications by their very nature are not internal to DOJ or DHS, they pose no privilege concerns. *See Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 253 (D.C. Cir. 1977). Further still, the material at issue is likely to be that which Defendants are using as a prelude to enforcement actions. Defendants cannot credibly claim it would be unduly burdensome to disclose communications with state or local election officials made integral to their request for emergency relief in other pending matters or in forthcoming investigations.

***4. The posture of the case supports expedited discovery.*** Lastly, the timing of the request weighs in Plaintiffs' favor. Under the default rules, Defendants need not respond to the Complaint until 60 days after service, Fed. R. Civ. P. 12(a)(2), placing their deadline in mid-to-late December 2026. That is well after the November 3 election and after the canvass and certification periods during which Defendants improperly seek to have lawfully-cast ballots set

aside. The Rule 26(f) conference, and with it the start of ordinary discovery, would come later still. Thus, it is necessary for Plaintiffs to make this request now to preserve their opportunity to obtain effective relief.

## CONCLUSION

For the reasons above, this Court should grant Plaintiffs' Motion for Expedited Discovery. Plaintiffs respectfully request that this Court set a production deadline of October 28, 2026.

Dated: October 23, 2026

Respectfully submitted,

*/s/ Uzoma N. Nkwonta*
Marc E. Elias (DC 442007)
Uzoma N. Nkwonta (DC 975323)
Christopher D. Dodge (DC 90011587)
Nicole E. Wittstein (DC 1725217)
Kevin R. Kowalewski (DC 90045467)
Tori A. Shaw (DC 90036555)*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
eliasm@elias.law
unkwonta@elias.law
cdodge@elias.law
nwittstein@elias.law
kkowalewski@elias.law
tshaw@elias.law

*Admitted *pro hac vice*

*Counsel for Plaintiffs DSCC, DCCC, Democratic Governors Association, U.S. Senate Minority Leader Schumer, U.S. House Minority Leader Jeffries, the Nevada State Democratic Party, and Erick Jose Jimenez*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of October, 2026, a copy of this document and all attachments hereto were mailed, postage prepaid to:

DONALD J. TRUMP, in his official capacity as President of the United States
1600 Pennsylvania Avenue NW
Washington, DC 20500;

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue NW
Washington, DC 20530;

TODD BLANCHE, in his official capacity as U.S. Attorney General
950 Pennsylvania Avenue NW
Washington, DC 20530;

U.S. DEPARTMENT OF HOMELAND SECURITY
2707 Martin Luther King Jr. Avenue SE
Washington, DC 20528; and

MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security
2707 Martin Luther King Jr. Avenue SE
Washington, DC 20528;

I further certify that on this 23rd day of October, 2026, a copy of this document and all attachments hereto were mailed, postage prepaid, and electronically emailed to the following individuals, who serve as counsel for Defendants in *Trujillo, et al. v. DHS, et al.*, No. 1:26-cv-3072-JEB (D.D.C.), which is noticed as a related case and assigned to the same judge as this matter:

Ty Turley Trejo
U.S. Department of Justice – Civil Division
950 Pennsylvania Ave, Suite 3131
Washington, DC 20530
ty.trejo@usdoj.gov

Andrew I. Warden
U.S. Department of Justice – Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta (DC 975323)
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001