**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DSCC, et al.,<br><br>Plaintiffs,<br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>Defendants. | Case No. 1:26-CV-3674 |

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiffs DSCC, DCCC, Democratic Governors Association, U.S. Senate Minority Leader Charles E. Schumer, U.S. House of Representatives Minority Leader Hakeem S. Jeffries, the Nevada State Democratic Party ("NSDP"), and Erick Jose Jimenez respectfully move pursuant to Fed. R. Civ. P. 65 and LCvR 65.1 for a temporary restraining order and preliminary injunction enjoining Defendants from continuing to unconstitutionally impose themselves upon election administration procedures that the Constitution and federal law assign to the States, including as to: (1) removal of registered voters from statewide voter registration lists; (ii) issuance of ballots to registered voters; and (iii) the counting and tabulation of ballots. This Motion is based upon Counts I, II, and III of the Complaint in this action, as well as the Memorandum in Support of the Motion for Temporary Restraining Order and Preliminary Injunction, the supporting Declarations of Secretary Aguilar, Lillie Snyder Boss, Caitlin Remmel, Jillian Edelman, Daniele Monroe-Moreno, and Erick Jimenez, and the exhibits submitted with the Declaration of Uzoma N. Nkwonta.

Plaintiffs are directly harmed by Defendants' lawless actions, which will force Plaintiffs and their candidate members to compete in unlawfully structured elections, specifically by

threatening and coercing States to implement *ultra vires* election rules contrary to state law. *See Bost v. Ill. State Bd. of Elections*, 607 U.S. 71, 77 (2026). Defendants' actions further threaten to disenfranchise Plaintiffs' members and supporters—including Mr. Jimenez and many similarly situated members and supporters—who may be purged from the voter rolls, denied ballots, or have their ballots set aside based on unauthorized, unverified, and ever-evolving lists that have already misidentified citizens as noncitizens. *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343–44 (1977). Moreover, Defendants have indicated that Nevada is a likely next target for their unlawful activity, raising the prospect of imminent and irreparable harm for NSDP as its candidates compete in the final days before election day. Defendants' misconduct further requires DSCC, DCCC, DGA, and the NSDP to divert scarce resources, in the final days before the election, to protect voters.

Plaintiffs seek declaratory and injunctive relief to protect themselves, as well their members and supporters, from this irreparable harm. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The balance of the equities and the public interests at stake weigh strongly in favor of preventing Defendants from continuing to undermine state election procedures. *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016). In contrast, Defendants—who enjoy no authority whatsoever to undertake such unlawful intrusion into state matters—will suffer no harm from being restrained from engaging in election meddling for which they lack *any* authorization under constitutional and federal statutory law. *See, e.g.*, *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 585 (1952); *Foster v. Love*, 522 U.S. 67, 69 (1997).

Because Defendants will not suffer any monetary harm from a temporary restraining order or preliminary injunction here, at most only a nominal bond is required under Federal Rule of Civil Procedure 65(c). *See Am. Oversight v. Hegseth*, 788 F. Supp. 3d 14, 31 (D.D.C. 2025).

Pursuant to Local Civil Rule 7(m), undersigned counsel states that counsel for Plaintiffs conferred with counsel for Defendants regarding this motion for a temporary restraining order and preliminary injunction. Defendants oppose the motion.

Local Civil Rule 65(b) also requires that movants for a temporary restraining order provide notice to the Clerk during business hours or explain why such notice was not provided. Plaintiffs did not afford such notice in this instance because they had previously advised the Court of a forthcoming motion for emergency relief at the October 26, 2026 status conference. *See* October 26, 2026 Minute Order.

Dated: October 26, 2026

Respectfully submitted,

*/s/ Uzoma N. Nkwonta*
Marc E. Elias (DC 442007)
Uzoma N. Nkwonta (DC 975323)
Christopher D. Dodge (DC 90011587)
Nicole E. Wittstein (DC 1725217)
Kevin R. Kowalewski (DC 90045467)
Tori A. Shaw (DC 90036555)*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 948-1135
eliasm@elias.law
unkwonta@elias.law
cdodge@elias.law
nwittstein@elias.law
kkowalewski@elias.law
tshaw@elias.law

*Admitted *pro hac vice*

*Counsel for Plaintiffs DSCC, DCCC, Democratic Governors Association, U.S. Senate Minority Leader Schumer, U.S. House Minority Leader Jeffries, the Nevada State Democratic Party, and Erick Jose Jimenez*