**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DSCC, et al.,

Plaintiffs,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, et al.,

Defendants.

Case No. 1:26-cv-03674-JEB

**[PROPOSED] TEMPORARY RESTRAINING ORDER**

On October 26, 2026, Plaintiffs DSCC, DCCC, Democratic Governors Association, U.S. Senate Minority Leader Charles E. Schumer, U.S. House of Representatives Minority Leader Hakeem S. Jeffries, the Nevada State Democratic Party, and Erick Jose Jimenez ("Plaintiffs") filed an *ex parte* motion for a temporary restraining order and preliminary injunction. Pursuant to Fed R. Civ. P. 65(b) and LCvR 65.1(a), the Court finds as follows:

1. Plaintiffs have shown a likelihood of success on their claims that Defendants have acted *ultra vires* and in violation of the separation of powers and anticommandeering doctrines by issuing demands and threats that States: (i) remove registered voters from their statewide voter registration lists; (ii) refuse to issue ballots to such voters; and (iii) segregate (and ultimately not count) ballots cast by such voters.

2. Absent immediate relief, Plaintiffs will suffer immediate and irreparable injury before Defendants can be heard. Specifically, Defendants' unlawful effort to federalize election administration—despite the absence of constitutional or congressional authorization to do so—poses an imminent risk of harm to Plaintiffs, their members, their constituents, and the public writ large because it threatens to deprive them of the right to a fair electoral process, including but not

limited to the right to cast a ballot and have that vote counted, in the days leading up to the November 3, 2026 General Election.

3. This Order issues without notice because "there can be no do-over and no redress" when it comes to election-related harms, including both the right to cast a ballot that counts and to compete in a fairly structure electoral contest. *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 247 (4th Cir. 2014). Accordingly, the injuries Plaintiffs are suffering are "completely irreparable if nothing is done to enjoin" Defendants' ongoing course of unlawful conduct. *Id.*; *see also League of Women Voters of United States v. Newby*, 838 F.3d 1, 9 (D.C. Cir. 2016) (explaining that once "deadlines for the November election pass," the harms at issue become "irreparable").

4. The relief below is limited to what is necessary to provide complete relief to Plaintiffs.

Accordingly, it is hereby **ORDERED** that the Motion is **GRANTED** as follows:

**ORDERED** that Defendants U.S. Department of Justice ("DOJ"), Attorney General Todd Blanche, U.S. Department of Homeland Security ("DHS"), and Secretary Markwayne Mullin, together with all agents, employees, and persons in active concert and participation with them who receive actual notice of the injunction, are enjoined from requesting or demanding that any state or local election official (i) remove specific registered voters from their statewide voter registration lists; (ii) refuse to issue ballots to specific registered voters; or (iii) segregate, or otherwise not count and tabulate, any ballots returned by specific registered voters for the November 3, 2026 General Election, or from threatening election officials with criminal penalty or investigation for failure to comply with such demands.

Defendants are **FURTHER ORDERED** to show cause on _____________, at ____ before this Court as to why a preliminary injunction to the same effect should not issue.

This order and all supporting pleadings and opposing papers must be served on the adverse parties within ____ hours of its entry.

This order shall remain in effect until the last State has certified its election results for the November 3, 2026 General Election or until such other time as this Court orders.

**IT IS SO ORDERED.**

Dated: ______________, at _________.

_________________________________
The Honorable James E. Boasberg
Chief United States District Judge
for the District of Columbia