# EXHIBIT B

# Washington Secretary of State Steve Hobbs response to DOJ letter about voter rolls

**sos.wa.gov**/about-office/news/2026/washington-secretary-state-steve-hobbs-response-doj-letter-about-voter-rolls

October 28, 2026

Dear Mr. Floyd and Mr. Serrano,

I am in receipt of your letter dated October 26, 2026. Your letter claims to provide a list of persons who “are or were noncitizens” and “who are registered to vote” in Washington and requests I instruct election officials to not count ballots from those registered voters.

A preliminary investigation confirms what your letter acknowledges: This list includes United States citizens and is not reliable. Without individualized proof of ineligibility, it would be both irresponsible and illegal for election officials to decline to process a registered voter’s ballot. If you have individualized proof, I invite you to provide it so election officials can take appropriate steps that are consistent with federal and state law.

The timing of your letter is profoundly disappointing. As your letter makes clear, you are aware Washington mailed ballots to all active registered voters no later than October 16. Despite that, you sent your letter well after that date and barely one week before Election Day. As you know, my office holds regular consultations with your office in the months leading up to elections. If you had valid concerns about voter registrations, the time to raise them was months ago. Your decision to wait until the eve of an election and announce those concerns at a press conference instead of timely providing the list and any corroborating evidence to my office is not a sign of good faith to ensure a free, fair, and accurate election.

The information you provided contains several glaring deficiencies. You provide no information about how the information was collected or what sources were used. Nor do you provide any backup documentation supporting your assertions. Given the Department of Justice’s recent acts of election interference in California, Alaska, and now in Washington, it would be particularly inappropriate for Washington to simply assume the Department’s unsupported allegations here are credible.

I would also note the manner in which you provided your list was not designed to facilitate the prompt review you request. Rather than provide an electronic spreadsheet, you provided a PDF document with a printed spreadsheet. That spreadsheet lacked publicly available fields that would facilitate review, such as the Voter ID number or the person’s address. The absence of these fields makes it difficult—if not impossible—to confirm whether an entry on the list matches a voter registration. And the list provided includes some duplicate entries, which indicates the list was created in a rushed manner. The rushed

manner is confirmed by your incorrect statement that the election is “November 2, 2026.” Election Day—as you should well know—is November 3. Basic factual errors like this are unacceptable and risk confusing voters.

Despite the deficiencies in the information you provided, my office was able to conduct a preliminary analysis. That analysis reflects a significant number of people on your list who are not currently registered to vote or are on inactive status, contradicting your representations that all the individuals included in the list will receive a ballot in this year’s election. In addition, even the cursory review that was possible on the unreasonably short timeline you provided revealed that many of the persons on your list are United States citizens based on information of which Washington is aware. It is almost certain more people named on this list are also United States citizens; those already identified may just be the “tip of the iceberg” of individuals that would be wrongfully disenfranchised by the actions you request.

These discrepancies come as no surprise. Time and time again, DHS claims about noncitizen voter registration turn out to be greatly exaggerated or false:

- From 15,000 to 185 to Zero: Trump’s Claims of Illegal Voting in Nevada Fizzle - The New York Times
- Evaluating How the USCIS SAVE System Performs in Practice: Evidence from Election Offices • Bipartisan Policy Center

As one court recently noted, the federal government’s citizenship records are “known to be unreliable.”

In light of that unreliability, it would likely be unlawful to decline to count ballots simply because a person’s name appears on the unverified list. The right to vote is a sacred right, and federal and state law provide strong protections against wrongful disenfranchisement. The Voting Rights Act of 1965 provides that election officials may not “willfully fail or refuse to tabulate, count, or report” a qualified voter’s vote. 52 U.S.C. § 10307(a). Absent proof anyone on the list is not qualified, your request “to not . . . tabulate the ballot” would appear to violate this federal law. Under Washington law, each registered voter provides the proof of citizenship that Congress required. See 52 U.S.C. § 20508(b)(2). In addition, your letter fails to provide any information establishing the provided list is exempt from the National Voter Registration Act’s 90-day quiet period before a federal election. 52 U.S.C. § 20507(c)(2).

To be clear, I am committed to ensuring only eligible persons are registered to vote in Washington. State law limits voting to United States citizens, RCW 29A.08.010(1), and includes multiple safeguards to prevent noncitizens from registering. The Washington State Voter Registration Form repeatedly advises applicants that only United States citizens may register to vote and that knowingly providing false information is a class C felony. WAC 434- 324-026. Voters must re-attest to United States citizenship, under penalty of perjury, each time they sign a return ballot envelope. RCW 29A.40.091(2).

In addition, Washington law includes specific provisions for addressing allegations that a person is ineligible to register to vote. This includes both a robust voter registration challenge process, RCW 29A.08.810—.850, and specific provisions regarding instances where a noncitizen becomes registered to vote, RCW 29A.08.370(3). But these processes require proof, not just allegations. If the federal government possesses individualized proof that certain registered voters in Washington are ineligible, my office welcomes the opportunity to review that direct evidence. It cannot rely on the mere absence of a name from the SAVE database or the Department's assertions based on the vague and untested methodology described in the lawsuit against California. State and local election officials in Washington work tirelessly to administer free and fair elections. They are truly heroes of democracy. As you might imagine, the days leading up to Election Day are incredibly busy, as election officials assist voters seeking to exercise their fundamental right to vote. Rather than distract these dedicated public servants from their important work at this late hour with a meritless lawsuit, I strongly encourage you to re-visit the deeply flawed data you provided earlier this week, identify any actual proof, and work collaboratively with my office in the weeks or months to come.

Sincerely, Steve R. Hobbs, Washington Secretary of State